STATE OF MAINE *vs.* DAVID S. LIBBY and others.

Franklin.    Opinion December 31, 1886.

*Indictment.    Place.*

An indictment for killing of deer, in violation of law, alleged the place of killing to be " at a Gore north of numbers two and three in range six, in said county of Franklin." *Held,* good.

ON EXCEPTIONS.

The defendants, Reed A. Smith and Eugene H. Smith, were tried jointly and found guilty of the following counts in the indictment :

"And the jurors aforesaid, upon their oath aforesaid, do further present that the said David S. Libby, Reed A. Smith and Eugene H. Smith, at a Gore north of numbers two and three in range six, in said county of Franklin, on the twenty-fifth day of February, in the year of our Lord one thousand eight hundred and eighty-five, with force and arms did kill five deer, by then and there shooting said deer with a rifle, said rifle being then and there loaded with powder and one leaden bullet, against the peace of said state, and contrary to the form of the statute in such case made and provided.

"And the jurors aforesaid, upon their oath aforesaid, do further present that the said David S. Libby, Reed A. Smith and Eugene H. Smith, at a Gore north of townships numbered two and three, in range six, in said county of Franklin, on the fifth day of March, in the year of our Lord one thousand eight hundred and eighty-five, with force and arms did hunt and kill seven deer, against the peace of said state, and contrary to the form of the statute in such case made and provided.

"And the jurors aforesaid, upon their oath aforesaid, do further present that the said David S. Libby, Reed A. Smith and Eugene H. Smith, at a Gore north of townships numbered two and three, in range six, in said county of Franklin, on the twentieth day of March, in the year of our Lord one thousand eight hundred and eighty-five, with force and arms did hunt and kill five deer, against the peace of said state, and contrary to the form of the statute in such case made and provided."

They moved in arrest of judgment, for the following reasons:

"1st. The indictment does not allege that any offence was committed by these defendants in Franklin county or state of Maine.

"2nd. No offence is alleged against these defendants in the indictment.

"3rd. No valid judgment can be rendered on the verdict.

"4th. It does not appear that said prosecution was commenced by the warden or his deputy, of any county where the deer were alleged to be killed, nor by any other person, in any county in which the offence is alleged to have been committed, or the accused then resided or now resides.

"5th. No part of the forfeiture under said chapter goes to the state, or county, although the county is subjected to the expense of this prosecution.

"6th. The indictment does not show who is entitled to the forfeiture, if the defendants are convicted."

The motion was overruled and the defendants alleged exceptions.

*Joseph C. Holman,* county attorney, for the state, cited upon the question decided in the opinion: 26 Maine, 263; 61 Maine, 178; 39 Maine, 78; 39 Maine, 291.

*H. L. Whitcomb,* for defendant.

"Gore" may mean blood (which is the first definition given by Webster), it may mean a triangular piece of cloth, or it may mean a triangular piece of land. But nothing is to be taken by intendment in criminal pleadings.

In *State* v. *Patrick,* 79 N. C. 655 (28 Am. Rep. 340),

indictment for stealing one pound of meat, the court approves of a Wisconsin decision, declaring the term meat to be too vague and uncertain, because the term " not only applies to the flesh of all animals used for food, but in a general sense to all kinds of provisions.

The " Gore " is not alleged to be in Franklin county, but numbers two and three are alleged to be in said county.

All the facts and circumstances constituting the offence must be specifically set forth, and if any fact or circumstance which is a necessary ingredient in an offence be omitted in an indictment, the indictment is vitiated by such omission, and the objection may be availed of by the defendant on a motion in arrest of judgment. *Com.* v. *Moore*, 11 Cush. 600; 1 Chitty's Crim. Law, 227; *State* v. *Godfrey*, 24 Maine, 232.

EMERY, J. If these respondents should receive a deed of conveyance to them of real estate, with this description, " A Gore north of townships numbered two and three, in range six, in the county of Franklin," they would undoubtedly look for their land within Franklin county, and expect to find it in that county, and next north of said townships. They would not look for it in any other county or country.

The same language in an indictment sufficiently alleges a place in Franklin county.

The other alleged causes for arrest of judgment are not relied upon, and are clearly not valid. *State* v. *Willis*, 78 Maine, 70.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.